**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| REBECCA MILLER, | DOCKET NUMBER |
| Appellant, | SF-315H-25-1294-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: June 25, 2026 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Rebecca Miller, Waldorf, Maryland, pro se.

Leah S. Serrano, Washington, D.C., for the agency.

Roni Reed, Esquire, Walla Walla, Washington, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the initial decision's findings regarding the appellant's chapter 75 and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulatory appeal rights, and REMAND the appeal to the regional office for further adjudication as an individual right of action (IRA) appeal in accordance with this Remand Order.

## BACKGROUND

Effective March 25, 2024, the appellant received a career conditional appointment to the competitive service position of GS-0560-09 Budget Analyst with the agency in Pasco, Washington, subject to a 1-year initial probationary period. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 13. Effective March 24, 2025, the agency terminated her from that position for several deficiencies in conduct. IAF, Tab 5 at 6-12.

The appellant filed a timely Board appeal and acknowledged on her appeal form that she was serving a probationary period at the time of her termination. IAF, Tab 1 at 1. She alleged that her termination was motivated by partisan political reasons and whistleblower retaliation, and she indicated that she filed various complaints, including with the Office of Special Counsel (OSC) on March 29, 2024. *Id.* at 2-3. She also appeared to suggest that her termination was due to discrimination. *Id.* at 2. The administrative judge issued a jurisdictional order notifying the appellant that the Board may lack jurisdiction over her appeal based on her probationary status, informing her of the standards for establishing Board jurisdiction under 5 U.S.C. chapter 75 and 5 C.F.R. §§ 315.805-315.806, and directing her to file evidence and argument on the issue of jurisdiction. IAF, Tab 3. The appellant did not respond. The agency replied and moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 4. The administrative judge issued an order to show cause directing the appellant to explain why she did not respond to the jurisdictional order and why the appeal should not be dismissed for lack of jurisdiction. IAF, Tab 6. The appellant again did not respond.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1. The administrative judge concluded that the appellant did not nonfrivolously allege that she met the definition of an "employee" under 5 U.S.C. § 7511(a)(1)(A) with a statutory right to appeal her termination to the Board. ID at 3-4. The administrative judge also concluded that the appellant did not have a regulatory right of appeal under 5 C.F.R. §§ 315.805-315.806. ID at 4-5. The administrative judge explained that although the appellant had multiple opportunities to expand on her broad and unsupported statement that her termination was based on partisan political reasons, she failed to provide any factual information to support her conclusory claim. *Id.* The administrative judge also noted the appellant's claim that her termination was motivated by whistleblower retaliation and that she had filed a complaint with OSC, and stated that the Board "may have jurisdiction over this claim as an Individual Right of Action (IRA) appeal." ID at 5. The administrative judge briefly addressed the general rule concerning the timeline for filing an IRA appeal and told the appellant that she could file a separate IRA appeal with the Board. *Id.*

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, she reasserts without elaboration that her termination was motivated by partisan political reasons and whistleblower retaliation, argues the merits of her termination, and suggests that she was subjected to discrimination. *Id.* at 2, 6-7. The agency has filed a response in opposition. PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4. In her reply, the appellant again discusses the merits of her termination, notes her OSC complaint, and provides various documents such as emails, photographs, and a narrative account and timeline of her alleged toxic work environment. *Id.* at 1-82.

**ANALYSIS**

<u>The administrative judge correctly found that the appellant did not make a nonfrivolous allegation of jurisdiction under 5 U.S.C. chapter 75 or 5 C.F.R. § 315.806.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of establishing that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). If the appellant makes a nonfrivolous allegation of fact that, if proven, would establish the Board's jurisdiction, then she is entitled to a hearing at which she must prove jurisdiction. *Williams v. Department of Defense*, 76 M.S.P.R. 270, 273 (1997).

To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, this means that she must either not be serving a probationary or trial period under an initial appointment, or have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *Id.*; 5 U.S.C. § 7511(a)(1)(A)(i)-(ii). An individual who has not served a full year under her appointment can show that she has completed the probationary period, and so is no longer a probationer, by tacking on prior service if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); 5 C.F.R.

§ 315.802(b) (2025).[2]   Alternatively, an individual can show that, while she may be a probationer, she is an "employee" with chapter 75 appeals rights because, immediately preceding the adverse action, she had completed at least 1 year of current continuous service without a break in Federal civilian employment of a workday. *Hurston*, 113 M.S.P.R. 34, ¶ 9.

An individual in the competitive service who does not have a statutory right of appeal may nevertheless have a regulatory right to appeal under 5 C.F.R. § 315.806 if she alleges that her termination was based on partisan political reasons or marital status discrimination, or that her termination was based in whole or in part on conditions arising before her appointment and was not effected in accordance with certain procedural requirements under 5 C.F.R. § 315.805. *Walker*, 119 M.S.P.R. 391, ¶ 5.

On review, the appellant does not challenge the administrative judge's finding that she failed to nonfrivolously allege that she is an "employee" under 5 U.S.C. § 7511(a)(1)(A) with a statutory right to appeal to the Board.  The record reflects that the administrative judge correctly found it undisputed that the appellant was serving a 1-year probationary period at the time of her termination and had completed less than 1 year of current continuous service at the time of her termination, and that, although she had prior Federal service, the record does not show that her prior service was performed immediately preceding her termination without a break in Federal civilian employment of a workday or that it was performed in the same agency, in the same line of work, and with no more than one break in service of less than 30 days.  ID at 3-4; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

---

[2] Effective June 24, 2025—after the appellant's termination—OPM rescinded subpart H of part 315 of Title 5 of the Code of Federal Regulations pursuant to Executive Order No. 14284.  Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025).

Instead, the appellant reasserts on review that her termination "was motivated by partisan political reasons," which, as discussed above, could afford her a regulatory right to appeal under 5 C.F.R. § 315.806. PFR File, Tab 1 at 6; *see also* IAF, Tab 1 at 2. However, as the administrative judge found in the initial decision, the appellant does not provide any evidence or argument to support her claim. As a result, we agree that the appellant has also failed to nonfrivolously allege a regulatory right of review. *See* ID at 4-5; *see also Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010) (an appellant's allegations regarding marital status or partisan political discrimination must be more than mere conjecture, and the appellant must provide supporting facts to show that the allegation is not merely a pro forma pleading). Accordingly, we discern no basis to disturb the administrative judge's conclusion that the Board does not have jurisdiction over the appellant's probationary termination appeal.

We note that the appellant's petition for review largely challenges the merits of the agency's termination decision, rather than addressing the Board's jurisdiction over the appeal. Such arguments again do not provide a basis to disturb the initial decision. *See Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (holding that an appellant's arguments concerning the merits of her appeal were not relevant to the question of jurisdiction); *Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 7 (2010) (same); *Yakupzack v. Department of Agriculture*, 10 M.S.P.R. 180, 182 (1982) (stating that the Board's review of probationary terminations does not include a review of the merits of the termination action).

<u>We nevertheless remand the appeal for further proceedings because the appellant did not receive explicit notice of what is required to establish Board jurisdiction based on her allegations.</u>

Despite the above finding, we conclude that the appeal must be remanded for further proceedings under 5 U.S.C. § 7701 because the appellant is clearly trying to raise an IRA appeal under the Whistleblower Protection Enhancement

Act of 2012. As discussed above, the appellant explicitly alleged on her initial appeal form that the agency terminated her in reprisal for whistleblowing. IAF, Tab 1 at 2. She indicated that she had filed "cases within DoD" and a whistleblower complaint with OSC on March 29, 2024, and that OSC terminated its investigation into her complaint on July 17, 2024.[3] *Id.* at 2-3. In her petition for review, she raises her whistleblower retaliation claims again and indicates that she has filed multiple whistleblower complaints.[4] PFR File, Tab 1 at 6, Tab 4 at 1. Although the administrative judge notified the appellant in the initial decision that the Board may have jurisdiction over her whistleblower retaliation claim as an IRA appeal,[5] and informed her of the general rule that IRA appeals must be filed with the Board within 65 days after the date of OSC's final letter, she did not otherwise discuss or make any findings about the appellant's whistleblower retaliation claim. *Id.*

An appellant must receive explicit information on what is required to establish Board jurisdiction. When it appears that an appellant is attempting to allege that her appeal is within the Board's jurisdiction as an IRA appeal, the administrative judge should advise the parties of the corresponding burden. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Burwell v. Department of the Army*, 78 M.S.P.R. 645, ¶¶ 8-9 (1998) (remanding an appeal due to the administrative judge's failure to advise the appellant what was required to establish Board jurisdiction over an IRA appeal).

---

[3] We recognize that the appellant was not terminated until March 24, 2025.

[4] One of the documents that the appellant submits with her petition for review reply is a July 7, 2025 email to "OPM OIG Whistleblower." PFR File, Tab 4 at 54-55.

[5] Although the administrative judge did not explicitly state so, the Board lacks jurisdiction over a whistleblower reprisal claim raised as an affirmative defense unless it is raised in connection with an otherwise appealable action. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Because of this, the Board also lacks jurisdiction over the appellant's claim to the extent that she contends that her termination was due to discrimination. IAF, Tab 1 at 2; PFR File, Tab 1 at 6-7.

Although the administrative judge's jurisdictional order informed the appellant of her burden of establishing jurisdiction over her appeal as a challenge to her probationary termination, it did not apprise the appellant of her burden of proving Board jurisdiction over her appeal as an IRA appeal. *See* IAF, Tab 3. Neither the agency's pleadings nor the administrative judge's initial decision provided appropriate full jurisdictional notice for an IRA appeal. *See Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings or the initial decision contain the notice that was otherwise lacking). Although the administrative judge notified the appellant that she could file a separate individual right of action appeal, because the appellant explicitly raised this issue on her initial appeal form, we find it appropriate to remand the appeal on this matter.

The appellant must be advised that, to establish Board jurisdiction over an IRA appeal, she must show that she exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023); *see* 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1). Because the appellant was not so informed, it is necessary to remand this appeal to the regional office to provide her with an opportunity to establish jurisdiction. *Burwell*, 78 M.S.P.R. 645, ¶ 9.

**ORDER**

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.